Good morning. Illinois Appellate Court First District Court is now in session. The Fourth Division, the Honorable Justice Thomas E. Hoffman presiding. Case number 22-0809, People v. Darrell Wimberly. Counsel, will you identify yourselves and tell us who you represent? Yes, good morning. My name is Christina Law Merriman from the Office of the State Appellate Defender on behalf of the appellate Darrell Wimberly. Good morning, your honors. Assistant State's Attorney Adam Motz for the people of the state of Illinois. Counsel, the time we've allotted for oral argument will be 15 minutes for the appellant, 15 minutes for the appellee, five minutes in rebuttal. And Ms. Merriman, you can begin when you're ready. Thank you, your honor. May it please the court, counsel. In Mr. Wimberly's successive post-conviction petition, he asserted that his warrantless arrest pursuant to a police-issued investigative alert violated the Illinois Constitution. We ask this court to reverse and remand for further proceedings because Mr. Wimberly made sufficient showings of both cause and prejudice. I'll begin with cause. Illinois courts have held that new decisions or developments in the law may constitute cause for failing to raise a claim in a defendant's initial post-conviction petition. Here, Mr. Wimberly established cause because this court's reasoning in Bast, which was later adopted in Smith, was not available to Mr. Wimberly when he filed his initial post-conviction petition in 2011. This court decided Bast in 2019, and this was the first time any Illinois court had held that an arrest pursuant to an investigative alert violated the Illinois Constitution. In reaching this holding, the Bast court recognized that Article 1, Section 6 of our Constitution has greater protections than the Fourth Amendment. Although prior to... Can I ask you a question on that? The Supreme Court in Cabelas said that the provisions in the Illinois Constitution on arrests and the provisions in the Fourth Amendment are virtually synonymous, and somehow Bast and its progeny, Smith, suggested there was some critical difference between these provisions. What's the difference? Now, Cabelas confirmed that Illinois courts take a limited lockstep approach to interpreting our Constitution. Now, while it's true that some parts of Article 1, Section 6 are the same as the Fourth Amendment, the part that is critically different is the warrant clause, which requires warrants in our state to be supported by sworn affidavit, wherein the Fourth Amendment only requires that warrants be supported by author affirmation. The reason why I ask the question is the Cabelas court, on page 291 of the decision, examined the phrase supported by affidavit as compared with, by author affirmation, the Fourth Amendment, and specifically said that they were virtually synonymous. And if they're virtually synonymous, what's the critical difference that the Bast court identified? The Bast court identified that the, and this court, again, reaffirmed in Smith, or readopted in Smith, that the language in our Constitution that requires a sworn affidavit and the history of, in our state, in our courts, interpreting that section of our Constitution shows that our Constitution has greater protections than the Fourth Amendment. And in earlier cases, such as Litman, Elias, and McGurn, our courts have historically found that that section of the Constitution goes a step beyond the federal Constitution, and that a sworn affidavit is an additional requirement that we have in this state, which is different than the Fourth Amendment. And so the Bast court found that this affidavit requirement is what was critically different. Not only was the text actually different, but we have a history in this state of interpreting that Fourth Amendment, and it's consistent with our limited lockstep approach to interpreting our Constitution. And again, this position was readopted in Smith since, obviously, that portion of Bast has since been vacated. Now, I do want to, you know, we recognize that when Mr. Wimberly filed this petition, this court's decision in Bast was still good law. Obviously, things have changed, and the Illinois Supreme Court has not resolved this issue as they were unable to reach a decision in Dossie. I also want to recognize that other panels of this court have disagreed with Bast, and now Smith, and there currently is a split in authority on this issue. But in People versus... It's good that you acknowledge that, because I think every panel of this court disagrees with Bast. Well, respectfully, Your Honor, at least one panel of this court in People versus Smith did agree with Bast, and there's been subsequent holdings since then in People versus Walker, for example, where that court also agreed with the reasoning of Bast and now Smith. And so there is a split in authority. Until the Illinois Supreme Court decides the issue, that split remains. And this court recognized in People versus Horshaw that a split in authority and the lack of an Illinois Supreme Court decision does not preclude a defendant from making a prima facie case of cause. Here, when Mr. Wimberly filed his initial post-conviction petition in 2011, there was no authority to support that arrests pursuant to an investigative alert violate the Illinois Constitution. It wasn't until 2019, when this court announced this decision in Bast, that there was support in the law for this claim. And I think this court had expressed some concern regarding investigative alerts before its decision in Bast, but those concerns were first expressed in dissenting opinions and in dicta, with the very first expression being in 2012 in Justice Salone's dissenting opinion in Highland. And again, Mr. Wimberly's initial post-conviction proceedings concluded in 2011, a year before that dissenting opinion had been issued. Thus, there really was no, this issue had not been percolating in the courts and very little was known about investigative alerts in 2011. And thus, Mr. Wimberly made a prima facie showing that the reasoning of Bast and now Smith was not available to him when he filed his initial petition in 2011. We're over. Counsel, may I ask you just quickly? Yes, Your Honor. I'm wondering about Mr. Wimberly's arrest in as much as you've indicated, and now I've heard you say here this morning, that he was arrested pursuant to an investigative alert. Unlike what we see in Bast and Smith, perhaps, it seems to me that Detective Conley arrested Mr. Wimberly himself. So, the point I'm making is it doesn't appear as though he was arrested by some officer who knew nothing about Mr. Wimberly or what was being investigated here, but it seems to me, if I understand the record correctly, and I'm certain you'll correct me if I have misapprehended, but it seems to me that Detective Conley was notified by the Dalton Police Department that they had Mr. Wimberly in their custody, and it was Detective Conley himself who went out to the Dalton Police Department, I suppose, and retrieved Mr. Wimberly. So, I give you that background to say, is it truly accurate to say that Mr. Wimberly was arrested pursuant to an investigative alert? And to that, you say what? Yes, Your Honor, and if I may just very briefly kind of go over the series of events and the facts in this case to the extent that the record reflects them. Now, at trial, Detective Conley testified that about a month and a half after this offense, he determined that there was probable cause, but instead of seeking a warrant, he issued an investigative alert that there was probable cause to arrest Mr. Wimberly. Now, we know now that that investigative alert was not just circulated within CPD, but it reached as far as the Dalton Police Department and at least one suburban police department. Now, over two weeks later after that investigative alert was issued, on September 27th, 2006, Dalton Police arrested Mr. Wimberly for completely unrelated misdemeanor matter. Dalton Police then determined that they were going to release Mr. Wimberly on that, based on that misdemeanor arrest. But instead of releasing Mr. Wimberly, they continued to hold him in custody. In fact, Mr. Wimberly wasn't even released that day. Now, Dalton Police then, at some point while Mr. Wimberly was at the police station, Dalton Police realized that there was an investigative alert out of the Chicago Police Department and subsequently contacted Detective Connolly. Mr. Wimberly then remained at the Dalton Police station in Dalton custody throughout the rest of the day of September 27th, and then it wasn't until the next day on September 28th that Detective Connolly arrived at Dalton Police and then placed him into Chicago Police custody. It was then after he was placed in Chicago Police custody that he was placed in a live lineup and identified for the very first time by one of the incriminating statements to the police. So then if I may interrupt you just one once more shortly, hopefully. So then it is your contention then that his arrest pursuant to an investigative alert was made by the Dalton Police Department and not by the Chicago Police Department? That's what the record reflects right now. Of course, if this case was remanded, there could be further development. But based on the record before this court, that's what the record suggests as Detective Connolly testified that Dalton Police called him and they had already determined that they were going to release him. And then Detective Connolly didn't arrive until the 28th and then he placed him in Chicago Police custody. I see. Now I notice from your briefs, you make no argument that he was arrested without probable cause. You won't make the argument that he was arrested based on an investigative alert. Yes, Your Honor. That's the only argument that we're presenting to the court today. We're not disputing probable cause. Right. They examined this issue under the Fourth Amendment and they said the inquiry is not whether there's a warrant or whether there was even time to get a warrant. The inquiry is whether there was probable cause. So the dissenting opinions in both Bass and Smith point out the fact that this business of an investigative alert, arrest and investigative alert violates the Constitution, even if there's probable cause. And both of the dissenting opinions say it makes no sense. And Braswell says the same thing. And so how do you justify the argument that if there is no investigative alert and an individual is arrested based on probable cause, there's no offense to the Illinois Constitution. But assuming for a minute there is probable cause, but there's also an investigative alert that somehow violates the provisions of the Illinois Constitution. That was the basis of both dissents and Braswell. It's just illogical. As an initial matter, I just want to reiterate that Mr. Wimberly's claim is under the Illinois Constitution, not the Fourth Amendment. And both Bass and the Smith courts recognize that the Illinois Constitution provides greater protections than the Fourth Amendment. And while such an arrest may be permissible under the U.S. Constitution, given that our Constitution requires a sworn affidavit and that our state has a history of preference— who has probable cause from arresting an individual without a warrant, you don't make that argument, do you? I certainly do not make that blanket argument, however— Nor could you. I mean, the Supreme Court's handled that. So the only thing that you've got is, assuming there's probable cause because you don't attack the issue of probable cause, and the arrest is made, your linchpin is, because an investigative alert was issued, therefore the arrest is unlawful under the Illinois Constitution. Yes, and it's because the Chicago Police Department has created a system that basically sidesteps Illinois' warrant procedures. There's no question, and I don't know that anyone will disagree, that if an arrest is made based on an investigative alert that is not supported by probable cause, that that arrest would offend the Illinois Constitution. But that's not the facts in this case. In this case, there's probable cause, and the investigative alert was also issued. So I don't understand how an arrest based on probable cause without an investigative alert violates the Constitution, or as Bass and Smith say, an arrest made even with probable cause, and coupled with an investigative alert, violates the Constitution. I don't understand that reason. I think, one, all of these cases need to be taken on a case-by-case basis, but the important fact here is that Detective Connolly determined probable cause, and then Mr. Wimberly was not arrested until over two weeks later. Two weeks is certainly enough time for the police to seek a warrant. This was not a situation where there was exigent circumstances, um, or where Detective Connolly viewed the arrest and obviously could make that arrest. This wasn't an on-view arrest. But Bass and Smith, the reasoning in Bass and Smith, would apply even if the arrests were made 15 minutes after the issuance of the investigative alert. It's a blanket statement in both cases. Any arrest made on investigative alert, even if supported by probable cause, violates the Constitution. Your Honor, I would respectfully disagree in that in the Smith court, the court specifically noted and suggested that it's possible that an investigative alert may be constitutional under our Constitution, if issued as a temporary fix or temporary placeholder, and the court suggested 24 hours or possibly 48 hours. It may be permissible in that understanding that the police can't get warrants, you know, within minutes and that it takes time to get a sworn affidavit and to get before a judge to get a warrant. And so I think a circumstance where an investigative alert was issued and 15 minutes later a person was arrested, I think while that case has not been decided by any court in Illinois, I think the Smith court did suggest that it's possible that that situation may be constitutional, but that's just not the facts of this case. Detective Connolly had over two weeks to obtain a warrant and he... That certainly is not the holy and vast. That specifically said that an arrest made without a warrant pursuant to an investigative alert violates the search and seizure clause of the Constitution, Illinois Constitution, even in cases where the investigative alert is supported by probable cause. I recognize that's what the Bass court held and obviously that portion of the decision has been vacated. Now Smith is... Smith does nothing but parrot Bass. I mean it's the progeny of Bass. There's nothing but parroted in more paragraphs than it took Bass. Now before you go, because your time is up, I want to inquire on one issue. Assume for a moment that he can satisfy the cause element of cause and prejudice. The prejudice element rests on our interpretation of whether Bass is good law or isn't good law. Now if we were to find and disagree with Braswell, that Bass is and it's progeny Smith and not a correct statement of the law, then in that particular case he wouldn't be able to satisfy the prejudice element. I'd like to reiterate, your honor, that we're still at the leave to file stage and this court does not actually have to determine whether Mr. Wimberly's constitutional rights were in fact showing of prejudice. And our position is that pursuant to Smith and cases that have followed Smith at this early screening stage, Mr. Wimberly certainly has made that showing to warrant further development of the record and second stage proceedings. The only reason I ask the question is, if we were to follow Braswell and refuse to follow Smith, it occurs to me then your argument fails for lack of a crime efficient case of prejudice. We would ask this court to follow Smith. However, I think this court should recognize that there is a split in the law and at the leave to file stage, which is merely a screening stage where leave to file should not be denied unless the petitioner cannot put forth a colorable claim. But that's not what the Smith court said. The Smith court said, yes, there's a disagreement, but we don't have to follow those other cases. Well, if Smith said they didn't have to follow Braswell, then we're certainly at liberty to say we don't have to follow Smith. Smith involved direct appeal and obviously we're in very different circumstances at leave to file where on a direct appeal, the court is actually determining the full merits of the constitutional claim. Whereas here, this court is just determining whether there's been a prima facie showing of prejudice and given the appellate court split and given good authority Smith to support Mr. Wimberly's claim, we believe he has made a sufficient showing. In addition, as explained earlier, there was critical evidence obtained as a result of his legal arrest, given his confession and identification. That's not the issue. We know that that came. The question is, can he establish a prima facie case of prejudice if we follow Braswell and say we declined to follow Bass or Smith as progeny? All right, you get five minutes in rebuttal. Mr. Motes, what's the state's argument? Good morning, your honors. May it please the court, Adam Motes for the people of the state of Illinois. As has already been addressed somewhat, people maintain that defendant cannot establish cause where Detective Connolly had probable cause to arrest him. Detective Connolly spoke with the victim. Wait a minute, what does that have to do with his establishing cause? It has something to do with his ability to establish prejudice. But why does that have to do with establishing cause? Clearly, Bass and Smith post-date his initial post-conviction proceeding. You point to two cases that you suggest the argument was available to him, but neither of those cases were decided before his first post-conviction petition was both filed and went up on appeal. So if Bass and Smith are new case law, then how can you make the argument that he didn't have, he couldn't establish the cause of the cause of prejudice test? Well, your honor, this court has held that even where a defendant has been deprived of helpful support for his constitutional claim based on a case that came later, that is insufficient to establish cause. This court held that in actually petitioner's other appeal on his other motion for leave to file a successive post-conviction petition, People v. Wimberly. And just as the Bass defendant did not have People v. Bass to support his argument, defendant could have made the argument here under the constitution that his arrest was unconstitutional. Therefore, the people maintain that he cannot establish cause because the argument was available to him at the time that he filed his initial post-conviction petition. So the state's position would be, even though there was no law on the issue, if a defendant files a post-conviction petition and doesn't develop the argument himself out of whole cloth, he can never establish cause. He'll never be able to establish cause based on new case law. If your argument were correct, he could have dreamed it himself. The people maintain that he could have made the argument in this case and therefore failed to establish cause. Made the argument based on what? That the argument was available to him prior to Bass being decided. But any argument is available to him. I mean, my difficulty with your cause analysis is there is nothing in Illinois law that raised the issue of whether investigative alerts were unconstitutional under the search and seizure clause of the Illinois state constitution prior to his initial post-conviction hearing and its disposition on appeal. Now, your cause argument seems to falter because you rely on two cases that came after his initial post-conviction petition was decided. But why don't you address it on the question of prejudice, which directly addresses the viability of both Bass and Smith? Yes, your honor. This court has held in People v. Braswell that Bass was incorrectly decided. And in this case, the facts are very different from the facts in People v. Bass, in People v. Smith, in Walker, which defendant's counsel raises, and in McGurn, which is one of the cases that Smith found persuasive. In those cases, the arresting officer had no belief that the defendant had committed a crime other than the investigative alert. That's very from this case, where Detective Connolly is the detective who spoke with the victim, who received the description of the offender, who had the victim identify defendant in a photo array. So, Detective Connolly had probable cause to arrest defendant. It's true that he did issue an investigative alert, but Detective Connolly was ultimately the detective who effectuated defendant's arrest. But the Illinois Supreme Court in People v. Bass was very, very specific. Probable cause can be established from the collective knowledge of the police officers working in concert, even if that information is not known by the officer making the arrest. So, there's a collective knowledge argument when you're dealing with the question of probable cause vis-a-vis the knowledge of the police department as a group. So, it doesn't make any difference if the arresting officer didn't have probable cause. The question is, was there a probable cause? That's correct, Your Honor, and the knowledge of all police officers being imputed to one further against the reasoning in Bass and in Smith. And in this case, there was probable cause for Detective Connolly to arrest. He spoke with the victim, Fabian Marthal. She described the sequence of events. She described the defendant himself. She later identified defendant in a photo array and said that that was the person who shot her, or excuse me, who shot her counterpart and bashed her in the head with a gun, causing her to bleed extensively. Can I ask you, I take it the state's thesis is that an arrest, when there is probable cause, an arrest made on investigative alert does not offend the Illinois Constitution. But the state would have to concede that an arrest made on investigative alert that is not supported by violate the Constitution. Is that the state's argument? Yes, Your Honor, and that's what this court and the Supreme Court have held. The central requirement is probable cause. This court stated in Braswell, it echoed Braswell and People v. Simmons, Justice Hoffman's opinion, joined by Justice Rochford, that arrests are based on probable cause, not warrants, and that was the flaw in Bass's reasoning. And as many of the defense have pointed out, as Braswell pointed out, accepting the defense's argument here would lead us to a paradoxical situation where the police can arrest without a warrant and probable cause, but that same arrest becomes unconstitutional based on the same facts, merely because an investigative alert was issued on those facts giving rise to probable cause. So here the people maintain that Detective Connolly had probable cause to arrest, and he was ultimately the detective who effectuated that arrest, which is unlike the cases that defendant is asking this court to rely on People v. Smith. People v. Walker was a case dealing with a first-stage post-conviction petition, which is a much lower threshold for survival than leave to file a successive post-conviction petition. Defendant at this stage faces a daunting procedural hurdle, which the Supreme Court has explained is because successive post-conviction petitions are disfavored in the law. So to the much different standard than the standard at issue here. Because defendant has failed to establish cause, and even if he could establish cause... If you could tell me why Walker doesn't support Ms. Merriman's argument that there is at least at this stage a prima facie showing of prejudice because there is this line of cases, well, Bass and Smith, that would support her argument and defendant's argument. Yes, Your Honor. People v. Walker was a first-stage post-conviction summary dismissal. And so the question was whether the defendant made an arguable showing, the gist of a constitutional claim, a very low threshold that his constitutional rights were violated where his arrest was based on an investigative alert. In that case, the court found that it was at least arguable and that defendant could move to second-stage proceedings. But here we're at the leave to file stage where defendant has to show prejudice. And in this case, based on Bradswell and the line of cases disagreeing with Bass and Smith since Bradswell, defendant cannot make that showing. And that's especially true here where the officer had probable cause to arrest independently of the investigative alert. In those other cases, the arresting officer was arresting solely based on the investigative alert or in the case of McGurn, based on the orders of a superior officer. So at this stage, we are able to, as Justice Hoffman suggests, decide that we don't want to follow Bass or Smith. Is that a proper analysis that we can make? Yes, Your Honor. In the procedural framework that we're in? Yes, Your Honor, because when faced with the choice between the reasoning in Bradswell and the reasoning in Brass, this court has roundly rejected Bass. In People v. Smith, which went along with the reasoning in Bass, again, the officer in that case effectuated the arrest based on nothing more than the investigative alert. The officer here had more. The officer here had probable cause, which this court and the Supreme Court have held is the critical inquiry. This court has no other questions. The people would respectfully request that you affirm the denial of defendant's motion for leave to file. Ms. Nierman, rebuttal? Yes, Your Honor. I would just like to make three points in rebuttal. First, with respect to prejudice, without an Illinois Supreme Court decision on this issue, at the leave to file stage, Mr. Wimberly has and can make a prima facie case of prejudice pursuant to Smith and the cases that follow Smith like Walker. Until the Illinois Supreme Court has made that decision, a petitioner can still make that showing. Additionally, I just want to touch on counsel's argument that Detective Connolly, while he did arrest pursuant to the investigative alert, and we don't dispute that he had personal knowledge of argument because this record is not fully developed because the issue wasn't really fully litigated below, but from what we do have in this record, Dalton Police arrested Mr. Wimberly on September 27th. That's indicated in the leads report in the impounded record at 153. According to his Chicago Police report, which is also in the record, he wasn't arrested by thus. And Detective Connolly testified that when Dalton Police notified him that Mr. Wimberly was in custody, they also notified him that they had already made the decision to release Mr. Wimberly. Thus, the only thing holding Mr. Wimberly in Dalton Police custody was the investigative alert. And that differs from a case like Braswell, where in that situation, the defendant was held in custody and the investigation was still ongoing. And he wasn't held any longer because of the investigative alert, because there was still investigation in another matter. This case is very different because in this case, Dalton Police only held Mr. Wimberly longer because of the investigative alert. And to the extent that there needs to be more factual development on this issue, it's necessary that this court remand for further and meaning to our warrant clause in the Illinois Constitution. Warrants are preferred and need to be preferred. Otherwise, if police officers could arrest anyone at any time, just because they have probable cause, then there would be no reason to get warrants. This court has a long history and our Supreme Court has a long history of interpreting our Constitution to have greater protections and a preference towards judge issued warrants, where there's determinations supported by sworn affidavits by a neutral magistrate. If police officers could make arrests without warrants, just because of probable cause, what would be the point of trying to get a warrant? And in fact, the Chicago Police Department has created a system and practice that is widespread of avoiding the warrant process and simply making arrests pursuant to investigative alerts, where there is no judicial oversight or determination of probable cause. If there's no questions, we ask this court to reverse and remand for further proceedings. Counsels, thank you. The mayor will be taken under advisement and a decision will be made in due course. Thank you very much.